UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAVID EYE,**

    **Plaintiff,**

v().                                                                                                                    **Case No: 5:13-cv-374-Oc-22-PRL**

**WILLIAM BECHTOLD, ERIC HOLDER,**

    **Defendants**

___

**REPORT AND RECOMMENDATION[1]**

This case comes before the Court for consideration of Defendants' Motion to Dismiss (Doc. 31), to which Plaintiff has responded. (Doc. 33). The motion to dismiss, as well as other pending motions in the case, have been referred to the undersigned for a Report and Recommendation regarding an appropriate resolution. (Doc. 67). For the following reasons, on referral, I recommend that Defendants' motion to dismiss be **GRANTED**.

**I. BACKGROUND**

Plaintiff, acting *pro se*, brings this action for declaratory judgment and injunctive relief asserting claims for "deprivation of visitation without cause." (Doc. 7, p. 1). In Plaintiff's Amended Petition for Rule to Show Cause (Doc. 7), he alleges that his wife is currently incarcerated with the U.S. Bureau of Prisons as an inmate at FCC Coleman, Florida, and that the Defendants arbitrarily excluded him from his spouse's list of authorized visitors. (Doc. 7, ¶ 1).

___

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Plaintiff alleges that his visitations were indefinitely denied from August 5, 2012 through the date of the petition (Doc. 7, ¶ 4), and that he was previously allowed to visit his spouse despite being on federal probation. (Doc. 7, ¶ 6).

In their motion, Defendants argue that there is no live case or controversy, and the matter is moot and should be dismissed. The Court agrees with Defendant.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. Federal district courts are courts of limited jurisdiction, and parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in the light most favorable to the pleader. *Cole v. United States*, 755 F.2d 873, 878 (11th Cir. 1985).

Attacks on subject matter jurisdiction come in two forms, facial and factual. A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). On

the other hand, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quoting *Menchaca*, 613 F.2d at 511). In a factual attack, the presumption of truthfulness afforded a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach and, where the elements of the underlying cause of action are not implicated, the court is free to weigh the evidence. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001).

In this case, Defendants present a factual attack to subject matter jurisdiction. The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

### III. DISCUSSION

Defendants argue that this case should be dismissed as moot, and for lack of subject matter jurisdiction. Defendants contend that Plaintiff was granted visitation rights in accordance with Bureau of Prisons policy after Plaintiff resubmitted a request to be placed on the visitor's list. The exhibits to Defendants' motion demonstrate that Plaintiff submitted a visitation form dated July 26, 2013. (Ex. 1, *Declaration and Certification of Records by Gary Sailor*). As a result of Plaintiff's request, a memorandum written by Unit Manager Gary Sailor was sent to Warden Jorge L. Pastrana recommending that visitation be approved between Plaintiff and his wife, and visitation was approved on August 22, 2013. (Ex. 1 at ¶ 4, Ex. 4, *Memorandum by Gary Sailor*).

Indeed, Plaintiff acknowledges that "there is no longer a dispute." (Doc. 33). Plaintiff nonetheless demands judgment because, "if I had not filed this action, the injury would still be

ongoing," and seeks a "record of that judgment so that we and others will not be maligned in the future." (Doc. 33).

Mootness is a threshold question. Where mootness exists, the court is obliged to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Sheely v. MRI Radiology Network*, *P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Deciding a moot issue is the equivalent of issuing an advisory opinion and, therefore, is outside the jurisdiction of Article III courts. *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009).

As has already been observed, Plaintiff has been granted visitation with his wife, thus rendering this case moot. Plaintiff, however, argues, "what is to prevent the Federal Bureau of Prisons from rescinding our visitation rights?" (Doc. 33). Indeed, "voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005). To that end, Defendants' motion also contains a detailed explanation of routine visitation practices, including the visiting regulations, review process, and procedures for authorizing visitation, supported by relevant exhibits. (Doc. 31, p. 5-6). As the exhibits demonstrate, Plaintiff was initially granted visitation with his wife in accordance with routine practices (Ex. 5, ¶ 5). However, it was also routine practice that visitors who disclosed being on federal probation would require special approval by the United States Probation Office. (Ex. 5, Ex. 3). It is also not uncommon for this process to take a number of weeks, and this delay is what caused the denial of Plaintiff's visitation that is the subject of this case. (Ex. 5, ¶ 7).

Defendants argue that there is no evidence that there was any effort to divest the court of jurisdiction. Rather, Defendants contend that prison staff followed proper procedures and policy in determining the visitation privileges of Plaintiff, and that "unless Plaintiff's status as a Federal Probationer changes, or some other information is presented to Bureau staff that warrants further investigation, any decision regarding Plaintiff's visitation privileges is unlikely to change." (Doc. 31, p. 7). Plaintiff has not presented any evidence to contradict the evidence presented by the Defendants. For the reasons explained above, this case is moot and should be dismissed for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 31) be **GRANTED** in all respects, and that this case be dismissed for lack of subject matter jurisdiction. Accordingly, it is further **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 30), and Plaintiff's Motion to Compel the Court to Rule on Previous Motion for Summary Judgment (Doc. 34) be **DENIED** as **MOOT**.

**IN CHAMBERS** in Ocala, Florida on November 25, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    The Honorable Anne C. Conway
    Counsel of Record